UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Orlando Rodriguez

    v.                                                Civil No. 18-cv-508-SM

Rustic Crust, et al.

**REPORT AND RECOMMENDATION**

Pro se plaintiff Orlando Rodriguez filed this action in forma pauperis, asserting several claims against his former employer and several former co-employees related to his firing. His complaint is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings, like Rodriguez's, which are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson

v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background[1]

In February 2018, Rustic Crust, a company that makes and supplies pizza crusts and sauces to supermarkets, hired Rodriguez as a production supervisor, with an annual salary of $60,000. He was terminated on April 24, 2018, after roughly ten weeks of employment.

Rodriguez alleges that at the time of his hire, employees under his authority needed training to control overtime, reduce risk, and increase production quality. He further claims that the plant manager, defendant Dan Muskat, told him to "soften" his efforts at employee discipline, especially as it related to defendant Deo Khanal, a "line leader" and assistant supervisor. Muskat's directive, in Rodriguez's view, stemmed from the fact

---

[1] The facts recited in this section are drawn from the Complaint and various documents attached thereto. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

that Khanal did not respond well to criticism and that many other employees who shared Khanal's ethnic and cultural background[2] would respond negatively to criticism of Khanal. According to Rodriguez, African American and white employees were better workers than Khanal and other employees of his ethnic and cultural background, but were treated poorly by Khanal without any response from Rustic Crust management, including Muskat.

Defendants Muskat and human resources supervisor Kathleen Hammel informed Rodriguez of his termination when he arrived for work on April 24, 2018.  The stated reason for Rodriguez's firing was "discrepancies in supervisory and management style" and failure to "improve[] as discussed."  In response, Rodriguez asserted that he had notified management that Khanal "treated African American and white employees less favorably than those related to him by culture race, language or national origin."

## Claims

Rodriguez has sued Rustic Crust, Khanal, Muskat, Hamel and senior manager Doug Troy.  He asserts claims against the defendants for common law wrongful termination, tortious interference with contractual relations, negligent and

---

[2] Rodriguez suggests that Khanal was Indian or Nepalese.

3

intentional infliction of emotional distress, negligent misrepresentation, and negligent hiring, retention, supervision and training.

## Discussion

I. Wrongful termination[3]

Construing the complaint liberally, the crux of Rodriguez's complaint is that he was fired after complaining about his employer's disparate treatment of employees of different races or ethnicity. He has therefore pleaded sufficient facts to support a claim for common law wrongful termination under New Hampshire law. See Leeds v. BAE Sys., 165 N.H. 376, 379 (2013) (noting that wrongful discharge claim has two elements: (1) that the discharge was motivated by bad faith, retaliation or malice; and (2) that the plaintiff was discharged for performing an act that public policy would encourage or for refusing to do something that public policy would condemn). By separate order, the court will direct service of this claim on Rustic Crust. As

---

[3] Although Rodriguez did not specifically enumerate a wrongful termination claim, his factual narrative sufficiently describes one. "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

set forth below, however, the court recommends dismissal of the remainder of Rodriguez's claims.

II. Tortious Interference with Contractual Relations

Rodriguez asserts that Khanal tortiously interfered with his employment relationship with Rustic Crust and that Muskat and Khanal conspired to so the same.  To succeed on a claim for tortious interference with contractual relations, a plaintiff must demonstrate that "(1) the plaintiff had an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant intentionally and improperly interfered with this relationship; and (4) the plaintiff was damaged by such interference."  City of Keene v. Cleaveland, 167 N.H. 731, 738 (2015) (citation and quotation marks omitted). However, a co-employee will not be deemed to be a third party for purposes of a tortious interference claim if the employee was acting within the scope of his employment when he engaged in the conduct that gives rise to the claim.  See Balsamo v. Univ. Sys. of N.H., 2011 DNH 150, 15-16, 2011 WL 4566111; Attard v. Benoit, 2007 DNH 155, 16-17, 2007 WL 4380065; see also Griffin v. Schneider, No. 93–1253, 1993 WL 220403, at *1 (1st Cir. June 24, 1993) ("[T]he weight of authority is to the effect that a corporate officer can 'interfere' with a corporation's contracts, in a legally relevant sense, only by conduct

5

undertaken outside, or beyond the scope of, his official capacity.") (internal citations omitted).

Here, Rodriguez rests his claims on acts of his co-employees that, as described, were taken within the scope of their official employment duties. Accordingly, Rodriguez has failed to state facts to support claims alleging tortious interference with contractual relations, and the district judge should dismiss this claim, listed as counts 1 and 2 in the complaint.

III.  Negligent Hiring, Retention, Supervision and Training; Negligent Infliction of Emotional Distress

Rodriguez next asserts that Rustic Crust, Muskat, Hammel and Troy negligently hired, retained, supervised and trained Chanel. He also alleges that they, and Khanal, negligently caused him emotional distress. These claims are barred by the exclusivity provisions of New Hampshire's Worker's Compensation Act, N.H. Rev. Stat. Ann. § 281-A:8, which, as a general matter, bars "any claim based upon negligence by an employer or co-employee for personal injuries arising out of or in the course of employment . . . ." Young v. Doucette, 2018 DNH 137, 2, 2018 WL 3321435 (quoting Gascard v. Franklin Pierce Univ., 2015 DNH

6

049, 19-20, 2015 WL 1097485 (Laplante, J.) (quoting Karch v. BayBank FSB, 147 N.H. 525, 530 (2002)).

The district judge should therefore dismiss plaintiff's claims for negligent hiring, retention, supervision, training and infliction of emotional distress, listed in the complaint as Counts 3, 4, 5, 6 and 8.

IV. Negligent Misrepresentation

Rodriguez next asserts a claim of negligent misrepresentation against Khanal and Muskat. To state a cause of action for negligent misrepresentation, a plaintiff must allege facts sufficient to find: 1) a negligent misrepresentation of a material fact by the defendant; and 2) justifiable reliance by the plaintiff. Wyle v. Lees, 162 N.H. 406, 413 (2011). Negligence, in this context, is the failure of "one who volunteers information to another not having equal knowledge, with the intention that he [or she] will act upon it, to exercise reasonable care to verify the truth of his [or her] statements before making them." Snierson v. Scruton, 145 N.H. 73, 78 (2000).

Here, Rodriguez does not allege that either Khanal or Muskat made any material misrepresentations of fact to him. Indeed, the thrust of Rodriguez's complaint is that both were simply bad at their jobs. As the facts alleged in the complaint

7

support neither element of negligent misrepresentation, the district judge should dismiss this claim, asserted as Count 9 in the complaint.

V. Intentional Infliction of Emotional Distress

Rodriguez claims that Khanal and Muskat are liable for intentional infliction of emotional distress. In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege that a defendant "by extreme and outrageous conduct, intentionally or recklessly cause[d] severe emotional distress to another." Morancy v. Morancy, 134 N.H. 493, 496 (1991) (quotation omitted). "In determining whether conduct is extreme and outrageous, it is not enough that a person has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice." Mikell v. Sch. Admin. Unit No. 33, 158 N.H. 723, 729 (2009) (citation and quotations omitted). Rather, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id.

Although, as previously indicated, Rodriguez has sufficiently alleged that he was wrongfully terminated in

8

retaliation for complaining about the treatment of certain employees, the complaint contains no allegations of conduct on the part of Muskat or Khanal that could be described as "atrocious" or "utterly intolerable." Accordingly, the district judge should dismiss this claim, asserted as Count 7.

VI. Vicarious Liability

Finally, Rodriguez asserts two counts of vicarious liability against Rustic Crust and the individual defendants. Vicarious liability is not a separate and distinct cause of action. Frank v. L.L. Bean, Inc., 352 F. Supp. 2d 8, 14 (D. Me. 2005). Rather, vicarious liability is a theory of imputation by which an employer may be held responsible for the tortious acts of its employees. Id. As such, the district court should dismiss these claims. Nevertheless, Rodriguez may still assert his wrongful termination claim against defendant employer Rustic Crust under a theory, if not a separate claim, of vicarious liability.

## Conclusion

For the foregoing reasons, the district judge should dismiss counts 1 – 11 of the complaint. The case will proceed on plaintiff's wrongful termination claim, as described herein.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

December 21, 2018

cc:  Orlando Rodriguez, pro se